UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY ROMANO,

      Plaintiff,

v.                                              21-CV-255 (JLS)

STEPHEN LASKOWSKI, et al.,

      Defendants.
_____

    *Pro se* Plaintiff Anthony Romano is a prisoner confined at Attica Correctional Facility. He filed a complaint asserting claims under 42 U.S.C. § 1983. Dkt 1. He did not pay the filing fee, nor did he submit an application to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it).[1]

    As set forth below, the Clerk of Court shall administratively terminate this action. If Romano wishes to reopen this case, he must notify the Court in writing **within 30 days of the date of this Order** and must include either: (1) a properly supported motion to proceed *in forma pauperis* along with the required certification

---

[1] Upon review of the Complaint, and because Romano, a frequent-filer and "three strikes litigant," *see* 28 U.S.C. § 1915(g), did not file a motion to proceed *in forma pauperis* with the Complaint, the Court was uncertain whether Romano intended to file a new action or whether the Complaint was intended as an amended or supplemental complaint in one of Romano's other actions pending in this Court. The Court's *Pro Se* Unit sent a letter to Romano, dated February 23, 2021, asking him to advise the Court whether he intended to file a new action or whether his new Complaint was an amended or supplemental complaint in a different action. Dkt. 3. Romano has not responded to the letter. The Court treats the Complaint as an attempt to initiate a new action.

of Romano's inmate trust fund account (or institutional equivalent) and authorization form; or (2) the $350.00 filing fee and the $52.00 administrative fee ($402.00 total).

## DISCUSSION

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $52.00 administrative fee.[2]  *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[3] Western District of New York, District Court Schedule of Fees.[4] If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either: (1) pay those fees; or (2) obtain permission to proceed *in forma pauperis*, under 28 U.S.C. § 1915.

### I.  REQUIREMENTS FOR *IN FORMA PAUPERIS* APPLICATION

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amended 28 U.S.C. § 1915, established certain requirements

---

[2] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. But this additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*. *See generally id.* Effective December 1, 2020, this fee was increased to $52.00. *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3] Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[4] Available at http://www.nywd.uscourts.gov/fee-schedule.

2

that a prisoner must meet in order to proceed *in forma pauperis*. Those requirements are summarized below.

### A.     Supporting Affidavit or Affirmation

Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation detailing the prisoner's assets and liabilities and swearing under oath that the prisoner is unable to pay the $350.00 filing fee. A motion to proceed *in forma pauperis* should be supported by such an affidavit or affirmation filed at the same time as the complaint. The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis* with supporting affirmation[5] that is designed to help *pro se* litigants (like Romano) comply with 28 U.S.C. § 1915(a)(1).

### B.     Certification of Inmate Trust Fund Account

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* also must submit a certified copy of the prisoner's inmate trust fund account statement (or an institutional equivalent) for the six months immediately before the prisoner's complaint was filed. The prisoner must obtain this certified account statement from the appropriate official at each correctional facility where the prisoner was confined during that six-month period. *See* 28 U.S.C. § 1915(a)(2). Alternatively, the prisoner may have prison officials complete and sign the "Prison

---

[5] The Court has ordered that a form motion to proceed *in forma pauperis* with supporting affirmation be mailed to Romano. The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

Certification Section" of the court's form motion referred to above. *See supra* note 4. In the "Prison Certification Section," prison officials provide the information in the prisoner's trust fund account statement required by 28 U.S.C. § 1915(a)(2).

### C. Authorization Form

A prisoner seeking to proceed *in forma pauperis* is also required to submit a signed authorization form,[6] permitting the institution in which the prisoner is confined to pay—over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account (or institutional equivalent). *See* 28 U.S.C. § 1915(b)(1)-(4). In other words, even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1)-(2). The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will deduct from the prisoner's account and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). Those payments continue until the $350.00 fee is paid in full. *Id.*

---

[6] The Court has ordered that an authorization form be mailed to Romano. The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

4

## II. ADMINISTRATIVE TERMINATION OF THIS ACTION

Romano did not pay the $350.00 filing fee or the $52.00 administrative fee that ordinarily is required to commence a civil action. Nor did he submit a complete motion to proceed *in forma pauperis*; an affidavit swearing that he is unable to pay a $350.00 filing fee, *see* 28 U.S.C. § 1915(a)(1); a certification of his inmate trust fund account, *see* 28 U.S.C. § 1915(a)(1)-(2); or an authorization form, *see* 28 U.S.C. § 1915(b). Therefore, the Clerk of Court shall administratively terminate this action[7] without filing the Complaint or assessing a filing fee, as ordered below. As ordered below, Romano is granted leave to reopen this action no later than thirty days from the date of this Order.

## III. DEFERMENT OF SCREENING UNDER 28 UNITED STATES CODE SECTIONS 1915(E)(2) & 1915A

The Court is required to screen civil actions filed by prisoners and dismiss them if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions). Because Romano did not properly commence this action, this Court will defer the mandatory screening process until this case is reopened—if, in fact, it is reopened.

---

[7] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations. Therefore, if the case is reopened under the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

If this action is reopened and then dismissed, installment payments of the filing fee under 28 U.S.C. § 1915 will not be suspended, and the prisoner will not be permitted to obtain a refund of the filing fee or any part of it that already has been paid.

### IV. "THREE STRIKES" PURSUANT TO 28 UNITED STATES CODE SECTION 1915(g)

Additionally, as noted, *see supra* n.1, Romano has previously been found to have garnered three or more strikes—*i.e.*, as a prisoner, he has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed because it was frivolous or malicious or because it failed to state a claim upon which relief may be granted. *See Romano v. Mobley*, 1:18-cv-01081-EAW, Dkt. 8 (W.D.N.Y. Oct. 7, 2019). Romano, therefore, will not be permitted to bring this or any other action *in forma pauperis* unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). **If Romano seeks to reopen this action by filing a sufficient application to proceed *in forma pauperis*, his Complaint must, therefore, establish that he is under imminent danger of serious physical injury.**

### ORDER

IT IS HEREBY ORDERED that the Clerk of Court shall administratively terminate this action without filing the Complaint or assessing a filing fee; and it is further

6

ORDERED that the Clerk of Court is directed to send to Romano a form motion to proceed *in forma pauperis* with supporting affirmation; and it is further

ORDERED that if Romano wishes to reopen this action, he shall so notify this Court, in writing, no later than **30 days from the date of this Order**. This writing must include either: (1) a properly supported motion to proceed *in forma pauperis* along with the required certification of Romano's inmate trust fund account (or the institutional equivalent) and authorization form; or (2) the $350.00 filing fee and the $52.00 administrative fee ($402.00 total); and it is further

ORDERED that upon Romano's submission of either: (1) a motion to proceed *in forma pauperis* along with the required certification of Romano's inmate trust fund account and authorization form; or (2) the $350.00 filing fee and the $52.00 administrative fee ($402.00 total), the Clerk of Court shall reopen this case.

SO ORDERED.

Dated:   April 12, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE